UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TYRIN THOMAS, JR.,<br><br>　　　　Defendant. | 4:22-CR-40046-02-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING THOMAS'S MOTION TO SUPPRESS |

　　Defendant, Tyrin Thomas, Jr., is charged with conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. Docket 35. Thomas moves to suppress certain evidence seized by law enforcement officers because the officers did not have reasonable suspicion to effectuate a traffic stop. Docket 80. Additionally, Thomas moves to suppress statements that Thomas made after being handcuffed and prior to being given *Miranda* warnings. *Id.*

　　The court referred Thomas's motion to a magistrate judge under 28 U.S.C. § 636(b)(1)(B). After holding an evidentiary hearing, Magistrate Judge Veronica L. Duffy recommended denying Thomas's motion to suppress the physical evidence that was obtained from the vehicle and Thomas's person and granting the motion to suppress the statements that Thomas made after being handcuffed and prior to being given *Miranda* warnings. Docket 90 at 33. Thomas filed objections to the Report and Recommendation. Docket 91. The United States did not file any objections and the deadline for objections has passed. After a de novo review of the Report and Recommendation and the

record, the court adopts the Report and Recommendation as modified below and denies Thomas's motion to suppress.

## LEGAL STANDARD

This court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 59 of the Federal Rules of Criminal Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). Because motions to suppress evidence are considered dispositive matters, a magistrate judge's recommendation regarding such a motion is subject to de novo review. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz,* 447 U.S. 667, 673 (1980). In conducting a de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Craft,* 30 F.3d 1044, 1045 (8th Cir. 1994).

## FACTS

After a de novo review of the transcript of the evidentiary hearing and the exhibits received into evidence, the court adopts the facts as set forth in the Report and Recommendation. Thomas did not file any objections to the facts.

## DISCUSSION

The magistrate judge found that the detectives had reasonable suspicion to effectuate the traffic stop based on speeding, failing to stop at a stop sign

and suspicious vehicle behavior in an area known for drug activity. Docket 90 at 13-14. Thomas objects to all three conclusions.

First, Thomas objects to the use of "pacing" to find reasonable suspicion for the stop and argues that the term "pacing" has no discernable and distinguishable legal meaning beyond an officer's visual estimation of speed. Docket 91 at 2. But both detectives testified that while they were following the Jeep driven by Thomas, they were traveling at 35 mph in a 30-mph zone, and they observed the Jeep pulling away from their vehicle. Docket 89 at 14, 89-90. In the detectives' opinions, they believed the Jeep was exceeding their patrol vehicle's speed—which was already over the posted speed limit. *Id.* The video evidence supports this conclusion, because it too shows the Jeep continually pulling away from the patrol vehicle. Ex. 1 at 00:00-00:23. The court finds the detectives' conclusions that Thomas was speeding while driving the Jeep was reasonable and credible. It does not matter whether this is called pacing. It is credible evidence that Thomas was speeding in violation of the law and sufficient to justify a traffic stop.

Second, Thomas contends that the evidence is not sufficient to show that he failed to stop at a stop sign. Docket 91 at 3. But Detective Gross testified that he could clearly see that the Jeep's tires did not come to a complete stop at any point. Docket 89 at 59. And this testimony was reiterated and confirmed by Detective Leacraft. *Id.* at 90, 133. After reviewing all of testimony of the two detectives and the other record evidence, the court finds this testimony credible and sufficient to justify a traffic stop.

Third, Thomas argues that the detectives did not have reasonable suspicion to initiate the traffic stop based on suspicious vehicle behavior in an area known for drug activity. Docket 91 at 3. But Detectives Gross and Leacraft testified that they were patrolling an area known for gang activity on that evening. Docket 89 at 9, 86. Based on behavior that they observed and their training and experience, in their opinion the interactions were consistent with drug activity. *Id.* at 11, 88. Specifically, they observed the Jeep pull behind a Buick SUV, a male passenger get out of the Jeep and into the SUV, drive a few blocks away, and after a short time, the male get back into the Jeep. *Id.* at 10, 87. Similar behavior occurred again when another SUV pulled into the parking lot—the same male exited the Jeep and went over to the driver's side of the SUV, was there briefly, and then the male returned to the Jeep. *Id.* at 10, 88. Based on the totality of the circumstances and the training and experience of the detectives, the court finds that the detectives had reasonable suspicion to initiate a traffic stop based on suspicious vehicle behavior in an area known for gang activity.

Thomas also objects to the finding that the officers had a right to be in close proximity to the Jeep because they had reasonable suspicion to initiate the traffic stop. Docket 91 at 3. Any one of the previously discussed three grounds on its own would be sufficient to provide reasonable suspicion to effectuate a traffic stop of the Jeep. Therefore, Thomas's Fourth Amendment rights were not violated when the detectives initiated the traffic stop. Because the officers had reasonable suspicion sufficient to effectuate a traffic stop, they

had a right to be in close proximity to the Jeep. As a result, Thomas's objection is overruled.

## CONCLUSION

For the foregoing reasons, it is

ORDERED that

1. The Report and Recommendation (Docket 90) is adopted in full.

2. All of Thomas's objections are overruled, and Thomas's motion to suppress (Docket 80) is granted in part and denied in part.

Dated June 28, 2023.

                                          BY THE COURT:

                                          /s/ *Karen E. Schreier*
                                          KAREN E. SCHREIER
                                          UNITED STATES DISTRICT JUDGE